IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| RUTHERFORD CONTROLS INT'L CORP. )<br>(a Canadian corporation), *et al.*, )<br>                                                                )<br>        Plaintiffs,                                          )<br>                                                                )<br>v.                                                            )    Civil Action No. 3:08CV369-HEH<br>                                                                )<br>                                                                )<br>ALARM CONTROLS CORP., *et al.*,          )<br>                                                                )<br>        Defendants.                                      ) | |

## MEMORANDUM OPINION
**(Refining Claim Construction Opinion Dated August 6, 2009)**

On August 6, 2009, this Court issued a Memorandum Opinion and accompanying Order construing certain disputed claims in the three patents-in-suit in this case. To ensure the accuracy of the claim construction process, in its Order, the Court invited counsel to file memoranda explaining any exceptions to the Court's decision. Each of the defendants, Harco Enterprise Co. Ltd. ("Harco"), Vanguard Security Engineering Corporation, Ltd. ("Vanguard"), and Security Door Controls, Inc. ("Security Door"), filed comments and objections to the Court's claim construction, as did Plaintiff Rutherford Controls International Corp. ("Rutherford").

The Court will initially address an objection noted by all three defendants. Vanguard, Harco, and Security Door all reiterate their contention that the term "means for selecting," contained in claims 21 and 22 of the '053 patent, should be the same as the term "means for allowing" in claim 16 of the '053 patent. Rutherford concurs, but urges

the Court to add the phrase "and its equivalents" to reflect all of the disclosed embodiments, as prescribed by 35 U.S.C. § 112. The defendants disagree. Rutherford also proposes the same construction for "two-position mode selector" in claim 1 of the '053 patent.

In urging the additional language, Rutherford asserts that the Court employed an incorrect analytical methodology in construing the term "two-position mode selector." Rutherford contends that the Court should have construed the broader "two-position mode selector" element of the '830 patent first, and then turned to the question of whether it should be narrowed to accommodate the means-plus-function limitations found in the '053 patent. Rutherford maintains that the Court improperly reversed this process. Specifically, it argues

> it is legal error to limit the broader **two position mode selector** element found [in] claims 1 and 12 of the '830 patent by including within it the functions and elements found in the specification, even though this was proper with respect to the analogous means-plus-function elements found in the '053 patent.
>
> While Rutherford did propose that the **two position mode selector** could be construed identically for both the '830 and '053 patents, Rutherford argued that the correct legal analysis was to first construe the '830 patent term in a manner that did not import limitations from specific embodiments of the specification.

(Rutherford Exceptions Br. at 2.)

More narrowly focused, Rutherford maintains that the Court's construction of "two-position mode selector" in claims 1 and 12 of the '830 patent was erroneous because

2

it contains the limitation "requires only a single movement." Rutherford asserts that there is nothing in the specification or claims that teaches this limitation, particularly in light of the fact that this claim term is not part of a means-plus-function claim. Rutherford therefore reiterates its belief that a more appropriate construction for "two-position mode selector" in the '830 patent is "a single mechanism that selects between two modes." Security Door, Vanguard, and Harco strenuously disagree and argue that the Court's initial construction comports with the claims and specifications.

As the Court stressed in its Claim Construction Opinion, the specification is the most reliable guide in interpreting the meaning of a disputed term. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc). After reviewing the specifications in the '830 and '053 patents, the Court is not convinced that Rutherford's proposed modification is either warranted or, in the final analysis, necessary. The Court's interpretation squares with the specifications and the inventor's own perception of the distinguishing features of the invention. The Court will therefore construe the terms "means for selecting" and "means for allowing" similarly, namely "a mechanism that requires only a single movement to change modes, as by rotation or sliding a button."[1]

The Court will now turn to the other point raised by Security Door. Security Door takes exception to the Court's claim construction of the term "means for providing an

---

[1] Rutherford seeks clarification as to the meaning of the phrase "as by rotation or sliding a button." The Court believes the phrase would be self-evident to a person of ordinary skill in the art.

3

indication," found in claim 1 of the '399 patent. Security Door argues that the Court's construction is too narrow in light of the specification and prosecution history, and that it excludes the preferred embodiment for the audio portion. In its Claim Construction Order, the Court interpreted "means for providing an indication" as "a visual or audio output that provides a countdown of the time remaining until the door locks." ("Locks" should read "unlocks.")[2]

It is Security Door's opinion that the countdown feature should not be a part of the Court's construction of the "means for providing an indication" term. Furthermore, to the extent that a countdown feature is included, it should only be related to the visual output and not to the audio portion. On careful review of the specification and preferred embodiments of the '399 patent, the Court is not persuaded by the position advanced by Security Door. The interpretation of the term "means for providing an indication" as contained in the Court's Claim Construction Memorandum Opinion is sufficiently wide in scope to accommodate all preferred embodiments, including the audio feature. The Court will therefore make no modifications to its previously announced construction of the term "means for providing an indication," other than the substitution of the word "unlocks" for "locks."

---

[2]Security Door in its memorandum noting certain exceptions to the Court's claim construction pointed out that the Court erroneously used the word "locks" rather than "unlocks." This is correct and the Court appreciates counsel pointing out this error. The Court's construction of "means for providing an indication" should read "a visual or audio output that provides a countdown of the time remaining until the door unlocks."

4

In their comments and objections to the Court's claim construction, Vanguard and Harco take exception to the contention that they took no position on some disputed terms. Specifically, they note that they briefed their position on the proposed construction for "two-position mode selector" (claims 1 and 12 of '830 patent and claim 4 of '530 patent) and "means for selecting/allowing" (claims 1, 16, 21 of '053 patent). The Court was aware of the proposed construction for these two terms offered by Vanguard and Harco, which were thoroughly considered in the claim construction process.

Vanguard and Harco also contend that "the memorandum opinion for claim construction incorrectly stated that the Vanguard and Harco proposed construction was vastly different than the Court's adopted claim construction for the terms 'means for selecting a mode of the electric strike' and 'means for allowing' and 'two position mode selector.'" Vanguard and Harco advised the Court that their proposed construction is the same as the Court's adopted claim construction in that there is no functional difference between the two. The Court notes this observation by Vanguard and Harco.

Finally, Vanguard correctly notes that it filed a counterclaim seeking a declaratory judgment of invalidity and non-infringement in this case. The Court overlooked this counterclaim in describing the procedural posture of the case in its Claim Construction Memorandum Opinion. Once again, the Court appreciates Vanguard bringing this to the Court's attention.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: Sep. 1, 2005
Richmond, VA