**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **RUTHERFORD CONTROLS INT'L CORP. (a Canadian Corporation)** and **RUTHERFORD CONTROLS INT'L CORP (a Virginia Corporation)** Plaintiffs, v. **ALARM CONTROLS CORPORATION, FAST ACCESS SECURITY CORPORATION, HARCO ENTERPRISE CO. LTD, VANGUARD SECURITY ENGINEERING CORP., LTD. and SECURITY DOOR CONTROLS, INC.,** Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 3:08CV369 |

## MEMORANDUM OPINION

This matter is before the Court on the non-dispositive motion of Plaintiffs Rutherford Controls Int'l Corp., a Canadian Company, and Rutherford Controls Int'l Corp., a Virginia Company (collectively, "Rutherford") for payment of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) for the failure of Defendant Security Door Controls, Inc. ("SDC") to comply with certain discovery demands of Rutherford that Rutherford asserts required the pursuit of a motion to compel, with attendant expenses. The Court has reviewed the submissions of the parties on the issue and the parties have waived further briefing and oral argument. The matter is therefore ready for resolution, the Court concluding that oral argument would not aid in the decisional

process.

## I. BACKGROUND

The Plaintiffs' instant motion is based on events that occurred in the Norfolk Division of this Court between Rutherford and Defendant SDC before that action was consolidated into the above-captioned case and transferred to this Division. After Rutherford propounded discovery to SDC in the form of document requests and interrogatories in November 2009, the parties ultimately agreed that SDC would produce those documents on January 30, 2009, before Rutherford would file any motion to compel. However, on January 30, 2009, Rutherford proceeded to file a motion to compel when SDC had not produced any documents by close of business on that day. SDC produced documents later after the close of business, but after Rutherford had filed its motion to compel, and Rutherford did not receive the discovery submission until February 2, 2009. Because Rutherford had not received any documents from SDC during the business day of January 30, its motion to compel asserted that SDC had not produced any documents, and therefore Rutherford did not complain of an insufficient production.

SDC opposed Rutherford's motion to compel and filed an opposition brief on February 12, 2009. At a hearing on February 18, 2009, SDC maintained that its document production was complete and that, therefore, there were no additional documents to produce. At the hearing, United States Magistrate Judge James E. Bradberry instructed the parties to meet, discuss specific requests, and report back to the court if there were any additional issues that remained unresolved. While the court did not enter an order granting Rutherford's motion to compel, Judge Bradberry did, however, issue an oral directive to SDC:

> I read through the answers filed by [SDC], and that's nonsense. The answers are absolute nonsense. They are not what is expected fairly in the discovery in a case, period. You absolutely turn me off when you do that kind of stuff. . . . I'm beyond the point of taking any of your objections seriously. You are ordered to produce all of the discovery requests within the request for documents. You are ordered to produce all the answers that are requested in the interrogatories.

After the parties met, as directed by the court, SDC reasserted that its production was complete, but requested and obtained additional documents sought by Rutherford from a third party. The additional production consisted of sixty pages of documents, fifty-four of which were obtained from the independent third party, and six of which were cumulative of documents already produced by SDC. As a result, the parties informed Judge Bradberry that no additional hearing was necessary. The matter was later consolidated with the existing action, and Rutherford now seeks reimbursement for expenses incurred in the filing and preparation of its motion to compel.

## II. ANALYSIS

**1. Rutherford is entitled to recover attorneys fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).**

Pursuant to Fed. R. Civ. P. 37(a), a party may, upon reasonable notice to other parties, move for an order compelling discovery. Rule 37(a)(3)(A) permits a motion to compel disclosures required by 26(a). Rule 37(a)(3)(B) permits such motions for request made pursuant to Rule 33 (interrogatories) and Rule 34 (production of documents). Rule 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel pursuant to Rule 37(a) is allowed, or when responses are made after a motion has been filed[1]:

---

[1] The Court notes that the parties have addressed the issue of whether Judge Bradberry issued an order granting Rutherford's discovery request with regard to which relief can be granted. Whether or not Judge Bradberry's oral directive sufficed as an enforceable order, SDC did produce additional documents after Rutherford filed its motion to compel, and Rule

3

> . . . the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

It is clear that Rutherford made a good faith attempt to obtain discovery materials from SDC without court intervention. Indeed, Rutherford made every attempt to accommodate SDC's apparent unwillingness to comply with the initial discovery deadline of December 15, 2008, eventually reaching a mutual agreement with SDC that documents would be produced on January 30, 2009. When SDC had not produced any documents by close of business on that day, Rutherford filed its motion to compel.

Furthermore, SDC's nondisclosure was not substantially justified. A party meets the "substantially justified" standard if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations marks and citations omitted). As noted above, SDC had not complied with Rutherford's discovery requests when the motion to compel was filed, although Rutherford had received the majority of the documents eventually produced when the parties argued the motion before Judge Bradberry. It is not the case, however, that Judge Bradberry concluded that SDC, as a "small mom and pop company," was unable to produce any additional

---

37(a)(5)(A) therefore applies regardless of whether an order compelling discovery was issued, or whether relief can only be awarded if an order is formally entered. See Fed. R. Civ. P. 37(a)(5)(A). For this reason, the Court will not consider the issue of whether Judge Bradberry issued an order compelling discovery or, indeed, had to for relief to be awarded.

documents; he merely noted that "*if* there are no documents because this a small operation," then further discovery would not be practical. (Ex. A, Hearing Transcript, at 20, attached to Def.'s Response (emphasis added).) As noted by Rutherford, however, SDC can hardly be considered a "small operation," or "mom and pop company." (Ex. E, attached to Pls.' Reply.) Moreover, Judge Bradberry's statement alone is not sufficient to establish that "reasonable people" can disagree over Rutherford's decision to file the motion to compel. The mere fact that SDC eventually produced documents obtained from a third party, without additional argument on the issue or a court order, also does not provide substantial justification. Indeed, Judge Bradberry noted that SDC's actions during the discovery process were not "what is expected fairly in the discovery in a case, period," and for that reason, SDC's nondisclosure was not substantially justified. (Ex. A, Hearing Transcript, at 7, attached to Def.'s Response.)

Finally, there are no other circumstances that would make any award of expenses to Rutherford unjust. SDC repeatedly failed to comply with its discovery obligations and Rutherford attempted to reach an agreement with SDC before filing its motion to compel; and the parties' decision to reach an out-of-court agreement without further action on the motion to compel and the relatively small number of additional documents produced does not absolve SDC of its original failure.

**2. However, Rutherford is not entitled to recover the full amount of expenses claimed in preparing its motion to compel.**

SDC has not noted any objections to Rutherford's accounting or submitted contravening affidavits challenging counsel's claimed hourly rates or efforts, but the Court must still determine what amount is reasonable under the circumstances, considering the factors set forth initially in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-719 (5th Cir. 1974),

and subsequently adopted in this Circuit in <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216, 226-228 (4th Cir. 1978).[2] In addition to that precedent, additional case law discloses certain basic guidelines for the analysis:

1. The moving party has the burden of "establishing the reasonableness of the requested amount both by showing the reasonableness of the rate claimed and the number of hours spent." <u>Rehab. Ass'n of Va., Inc. v. Metcalf</u>, 8 F.Supp. 2d at 527 (citations omitted).

2. A court must make "detailed findings of fact with regard to the factors considered . . . in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary." <u>Barber v. Kimbrell's Inc.</u>, 577 F.2d at 229.

3. The "reasonableness of the rate" must be based on an assessment of the prevailing market rate in the relevant legal community ". . . for similar services by lawyers of reasonably comparable skill, experience, and reputation . . . ." <u>Blum v. Stenson</u>, 465 U.S. 886, 895-6 n.11 (1984); *see also* <u>Rehab. Ass'n of Va., Inc. v. Metcalf</u>, 8 F.Supp.2d at 527 (citing authority); <u>American Canoe Ass'n v. EPA</u>, 138 F.Supp.2d 722, 740-741 (E.D. Va. 2001).

4. The court can and should assess the degree of skill demonstrated in performing the representation and factor that into a determination of the prevailing market rate. *See* <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d at 718.

5. Many of the factors involved in the <u>Johnson</u> twelve point analysis are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 n.9 (1983).

6. The hourly rate charged consistent with the prevailing market rate, multiplied by the number of hours spent, equals the "lodestar" figure that is presumed to be reasonable. *See, e.g.*, <u>United States Football League, et al. v. Nat'l Football</u>

---

[2] The often-cited <u>Johnson</u> factors are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the preclusion of other employment by the attorney as a result of acceptance of the case; (5) the customary fee for like work; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the 'undesirability' of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship with the client; and (12) attorneys' fees awards in similar cases." <u>Rehab. Ass'n of Va., Inc. v. Metcalf</u>, 8 F.Supp.2d 520, 527 (E.D. Va. 1998).

League, 887 F.2d 408, 413 (1989), *cert. denied*, 493 U.S. 1071 (1990).

7. In addition, the lodestar figure may be adjusted upward or downward to take into account additional or remaining factors set forth in the twelve point analysis of Johnson so as to result in a combined lodestar and Johnson standard whereby ". . . the product of reasonable hours times a reasonable rate represents a proper fee...." In re Great Sweats of Va., Inc., 109 B.R. 696, 697-98 (E.D. Va. 1989) (discussing the evolution of relevant precedent to result in the combined analysis). *See also* EEOC v. Serv. News Co., 898 F.2d 958 (4th Cir. 1990) (holding that the twelve factors should be considered in determining the lodestar figure).

8. "[W]here full relief is obtained, the plaintiff's attorney should receive 'a fully compensatory fee,' and in some cases of exceptional success, even an enhancement." Rehab. Ass'n of Va., Inc. v. Metcalf, 8 F.Supp.2d at 529 (quoting Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994), quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).

9. "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717.

10. An objecting party must demonstrate specific instances of unreasonable charges and/or efforts and cannot simply rely on general protestation. Blum v. Stenson, 465 U.S. at 892 n.5; United States Football League, et al. v. Nat'l Football League, 887 F.2d at 413.

Rutherford is represented by William C. Bergmann, Esq. and A. Neal Seth, Esq., attorneys in the Washington, D.C. office of a large firm. Mark H. Tilden, Esq., a partner in their office, has submitted an affidavit and supporting documentation setting forth the time and effort Mr. Bergmann and Mr. Seth expended in regard to the to preparation for the motion to compel, together with their respective hourly rates. Mr. Bergmann's hourly rate is currently $510 per hour; Mr. Seth's hourly rate is currently $410 per hour. The only actual expenses submitted other than attorneys fees are for automated legal research fees. (Aff. of Mark H. Tidman, attached to Pls.' Mot. for Att'y Fees).

The Court finds that the hourly rates charged by the Mr. Bergmann and Mr. Seth are not unreasonable in view of their levels of experience and in light of commensurate fees charged in

Northern Virginia and this immediate area for such qualified representation. Patent law is a highly specialized area and requires a high level of expertise; therefore, hourly rates that are higher than those of general practitioners is to be expected. Having established the hourly rate, and taking into account Mr. Bergmann's and Mr. Seth's experience and skill in patent law, it is nevertheless necessary to confirm that the fees are sought solely for the activity related to SDC's discovery abuses and are otherwise reasonable and necessary. Mr. Tilden's submission confirms that such efforts were expended in direct relation to the alleged discovery abuses of SDC, and it does not appear that any of the effort was expended needlessly.

Indeed, the factual summary set forth by both parties reflects discovery deadlines that were missed or not addressed in a timely fashion; telephone calls and conferences concerning scheduling difficulties; responses and actions taken with regard to discovery issues that should not have arisen; and the necessity of drafting and arguing the motion to compel. Furthermore, it does not appear that there was any duplication of efforts by Rutherford's counsel, or that there were any unreasonable charges expended or incurred.

SDC has not presented any objections in response to Rutherford's accounting of expenses. Therefore, the asserted total of $11,858.07 presented to the Court combines the relevant lodestar amount and the reasonable costs associated with SDC's discovery abuses. At the same time, however, the Court finds that the award of almost $12,000 is not warranted where the majority of the "late" production involved material from third party sources for whom separate process could have been issued, if known, and where SDC ultimately prevailed in the litigation. (Mem. Op. & Order on Mots. Summ. J., Oct. 23, 2009.) Furthermore, the scope of the outstanding production of documents consisted of only fifty-four pages and the parties

8

resolved their discovery dispute without the necessity of further hearings or a formal order from Judge Bradberry. The Court therefore concludes that an adjustment is necessary by dividing the total in half as a reasonable and appropriate compromise.

### III. CONCLUSION

For the reasons stated above, the Court concludes that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), and within its discretion, Rutherford is entitled to reimbursement by SDC for expenses incurred in preparation for its motion to compel in the amount of $5,929.04.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: _November 17, 2009_____